UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

DONTAE WILLIAMS, F66105,

Plaintiff,

v.

C. ALAPISCO, et al.,

Defendant(s).

Case No. 26-cv-03996-SK  (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials deliberately subjected him to cruel and unusual punishment in violation of the Eighth Amendment by housing him in a cell with multiple missing window panels that exposed him to inclement weather and extreme cold, and later charging him with a Rules Violation Report (RVR) for attempting to cover up the missing window panels.

Plaintiff seeks damages and declaratory and injunctive relief, and appointment of counsel.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that during the relevant time period he was housed in a cell that was missing window panels and exposed him to inclement weather and extreme cold temperatures (ranging from 30 to 34 degrees). He covered up the exposed areas with cardboard to protect himself from the harsh weather. On August 27, 2025, despite knowing that multiple window panels were missing from many cells at CTF, defendant Associate Warden M. Deverick issued a memorandum prohibiting inmates from covering their cell windows in any way and informing inmates that they would be issued RVRs if they violated the memorandum. Comp. (ECF No. 1) ¶¶ 10, 11 & Ex. A. In October 2025, while conducting multiple inspections of plaintiff's cell, defendant Correctional Officer E. Vasquez removed plaintiff's window coverings and threatened to issue him RVRs. Id. ¶ 12. On October 30, 2025, defendants Correctional Officer A. Forouzadeh and Captain K. Wiley issued plaintiff RVR No. 7680702 for covering his cell windows. Id. ¶ 12 & Ex. B. On November 17, 2025, plaintiff appeared in front of defendant Lieutenant C. Alapisco to adjudicate RVR No. 7680702. Id. ¶ 13. Plaintiff explained that he had covered the windows to protect himself from the weather, but Alapisco found plaintiff guilty of the RVR and "assessed multiple loss of privileges." Id. Despite being aware that plaintiff was being exposed to harsh weather due to the missing window panels in his cell, none of the defendants put in the necessary work orders to have the window panels replaced. Id. ¶¶ 4-8 , 11-13. On December 25, 2025, plaintiff submitted Inmate Grievance No. 855007 alleging, among other things, that prison officials had failed to replace the missing window panels and left him exposed to harsh weather. Id. ¶ 16 & Ex. C. But even after filing this grievance, prison officials failed to replace the missing window panels in plaintiff's cell and plaintiff was forced to "rehouse[] as not to have [to] endure physical sufferings or the threat of receiving additional RVRs for simply protecting himself from extrem[e] cold temperatures." Id. ¶ 17. Plaintiff alleges that

2

defendants' actions and omissions violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Id. ¶¶ 18-20.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of cruel and unusual punishment, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832.  To run afoul of the Eighth Amendment, prison conditions typically must imperil a prisoner's health or safety.  See Nielsen v. Thornell, 101 F.4th 1164, 1174 (9th Cir. 2024).

In a prison conditions case such as the case here, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  Farmer, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  Id. at 837.  Neither negligence nor gross negligence is enough.  Id. at 835–36 n.4.

Liberally construed, plaintiff's allegations that defendants knew that he was being exposed to harsh weather because his cell was missing multiple window panels and did nothing to address the issue appear to state an arguably cognizable claim under § 1938 for violation of the Eighth Amendment and will be ordered served on defendants.  See id. at 837 (prison officials violate 8th Amendment if they know of and disregard an excessive risk to inmate health or safety); see also Gillespie v. Civilettui, 629 F.2d 637, 642 (9th Cir. 1980) (allegations that prisoner was forced to sleep in cell with near freezing temperature state cognizable 8th Amendment claim).

C.    Request for Appointment of Counsel

Plaintiff requests appointment of counsel because he "is a lay-person and unskilled at law."

United States District Court
Northern District of California

Compl. at 11.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Svcs., 452 U.S. 18, 25 (1981).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Appointing counsel is within the court's discretion and is granted only in "exceptional circumstances."  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The court will deny plaintiff's request for appointment of counsel because he has not demonstrated exceptional circumstances.  At this early stage in the case, the likelihood of the plaintiff's success on the merits is unclear and so far, plaintiff has ably articulated his claims pro se.  The legal issues involved do not appear complex.  Plaintiff's request for appointment of counsel accordingly is DENIED without prejudice to the court appointing counsel on its own motion later in the proceedings should the circumstances so require.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The following defendant(s) shall be served:

      a.      M. Deverick, Associate Warden, CTF;

      b.      K. Wiley, Captain, CTF;

      c.      C. Alapisco, Lieutenant, CTF ;

      d.      E. Vasquez, Correctional Officer, CTF; and

      e.      A. Forouzadeh, Correctional Officer, CTF.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on

United States District Court
Northern District of California

4

CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.  The clerk shall serve by mail a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion.  A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in

United States District Court
Northern District of California

order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

United States District Court
Northern District of California

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.      The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

7

and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: July 2, 2026



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

8